# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**COLONIAL LIFE AND ACCIDENT INSURANCE CO.**

**CIVIL ACTION**

**VERSUS**

**NO. 20-667**

**ANGELICA DANIEL ET AL.**

**SECTION "H"**

## ORDER AND REASONS

Before the Court are Plaintiff-in-Interpleader Colonial Life and Accident Insurance Company's Motion to Discharge from Further Liability and Dismiss from Interpleader Action (Doc. 15), Amended Motion to Discharge from Further Liability and Dismiss from Interpleader Action (Doc. 18), and Defendant-in-Interpleader C&J Financial, LLC's Motion for Summary Judgment (Doc. 13). Colonial Life and Accident Insurance Company's Amended Motion to Discharge and C&J Financial, LLC's Motion for Summary Judgment are **GRANTED**. Colonial's Motion to Discharge from Further Liability and Dismiss from Interpleader Action is **DENIED AS MOOT**.

1

## BACKGROUND

Andrew Spencer died on April 17, 2018 while covered by a life insurance policy issued by Colonial Life and Accident Insurance Company ("Colonial"). On February 26, 2020, Colonial filed this interpleader action to settle conflicting claims for the benefits of Spencer's life insurance policy. Colonial deposited the disputed policy amount into the registry of the Court. It added as defendants to the interpleader action Angelica Daniel, decedent's daughter; Cheryl Robenson, decedent's spouse; and C&J Financial, LLC ("C&J"), a company that advanced funds to Duplain W. Rhodes Funeral Home in exchange for an assignment to a portion of the policy's benefits. C&J has asserted cross-claims of breach of contract and unjust enrichment against Daniel. To date, Robenson and Daniel have not made an appearance in this action. On motion of Colonial, the Court entered default against Robenson and Daniel on September 29, 2021.

Colonial now moves for an order discharging it from further liability in this case and dismissing it from this action. C&J moves for summary judgment holding that it is a beneficiary to the policy in the amount of $3,136.14, has priority over other claimants to the policy amount, and is entitled to payment from the registry of the Court. No opposition was filed to either Motion. The Court may not, however, simply grant the instant Motions as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Instead, the proper inquiry to an unopposed motion for

---

[1] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

summary judgment is to determine whether the facts advanced in the motion and supported by appropriate evidence make out a prima facie case that the movant is entitled to judgment.[2]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that

---

[2] *See* Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 164 (5th Cir. 2006); Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

[3] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[8] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

### A. Colonial's Motion[11]

Plaintiff-in-Interpleader Colonial argues, and this Court agrees, that it has satisfied all of its obligations under the decedent's life insurance policy, and the only remaining issues are between the claimants to that amount. Accordingly, pursuant to 18 U.S.C. § 2361, this Court can discharge Colonial from further liability. Colonial's Motion provides that only Defendant-in-Intervention Robenson expressed an objection to the requested relief. However, Robenson did not file any opposition, and this Court does not see any reason that such relief is not warranted. Accordingly, Colonial's Motion is granted, and it is dismissed from this interpleader action.

---

[8] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[11] Colonial's initial Motion for Discharge was amended by a later filed Motion requesting similar relief (Docs. 15, 18). Accordingly, Colonial's first filed Motion is DENIED AS MOOT.

4

## B. C&J's Motion

C&J presents evidence of the following facts. After Spencer's death, arrangements were made with D.W. Rhodes Funeral Home of New Orleans, Louisiana to provide funeral and burial services. To finance these services, Daniel, as sole beneficiary of the Colonial policy, entered an irrevocable assignment of a portion of the policy proceeds in the amount of $8,221.89 to C&J. Thereafter, C&J advanced funds to the funeral home. The assignment entitles C&J to receive policy benefits in the amount of the assignment, plus statutory interest.

On August 31, 2018, Colonial paid a portion of the assignment balance in the amount of $5,085.75 to C&J. Colonial withheld the remaining balance of $3,136.14 in light of a dispute between C&J, Daniel, and Robenson. C&J now seeks a declaratory judgment that it is a beneficiary under the insurance policy in the unpaid assignment balance of $3,136.14, that it has priority in this amount over any other actual or purported beneficiary claiming an interest under the subject policy, and that it is entitled to payment in that amount from the funds that Colonial placed in the registry of the Court.

Pursuant to the Declaratory Judgment Act, this Court "may declare the rights and other legal relations of any interested party seeking such declaration."[12] In the assignment, Daniels "irrevocably assign[ed]" the amount of $8,221.89 from the Colonial policy to the funeral home and authorized C&J to advance that amount to the funeral home. Daniels further "irrevocably authorize[d]" Colonial to make payment of that sum to C&J. Accordingly, C&J

---

[12] 28 U.S.C. § 2201.

has shown that it is entitled to payment of the remaining $3,136.14 from the Colonial policy. No other party has filed an opposition or presented a claim for priority payment. C&J's Motion is therefore granted, and C&J is entitled to payment of $3,136.14 from the funds deposited into the registry of the Court by Colonial.

**<u>CONCLUSION</u>**

For the foregoing reasons, Colonial's Amended Motion to Discharge from and C&J's Motion for Summary Judgment are **GRANTED**. Colonial's Motion to Discharge is **DENIED AS MOOT**.

New Orleans, Louisiana this 22nd day of November, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**