UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLONIAL LIFE AND ACCIDENT INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-667** |
| **ANGELICA DANIEL ET AL.** | **SECTION "H"** |

### ORDER

Before the Court is Angelica Daniel's Motion to Set Aside Entry of Default (Doc. 33). Andrew Spencer died on April 17, 2018 while covered by a life insurance policy issued by Colonial Life and Accident Insurance Company ("Colonial"). On February 26, 2020, Colonial filed this interpleader action to settle conflicting claims for the benefits of Spencer's life insurance policy. Colonial deposited the disputed policy amount, $6,138.63, into the registry of the Court. It added as defendants to the interpleader action Angelica Daniel, decedent's daughter; Cheryl Robenson, decedent's spouse; and C&J Financial, LLC, a company that advanced funds to Duplain W. Rhodes Funeral Home in exchange for an assignment to a portion of the policy's benefits. On motion of Colonial, the Court entered default against Robenson and Daniel on September 29, 2021 because they failed to make an appearance. No default judgment was ever entered.

1

Having satisfied all of its obligations under the decedent's life insurance policy, this Court granted Colonial's motion to be dismissed from the action on November 22, 2021 (Doc. 24). The Court also granted Defendant C&J Financial, LLC's Motion for Summary Judgment, holding that it was a beneficiary to the policy in the amount of $3,136.14, and that amount was disbursed from the funds held in the registry of the Court on December 10, 2021 (Docs. 24, 26). A sum of $3,002.49 remains unclaimed in the registry of the Court. Ms. Daniel now moves to set aside the entry of default against her so that she may show her entitlement to the remaining funds held by the Court.

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[1] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[2] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[3] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[4]

This Court finds good cause to set aside the entry of default. Ms. Daniel represents that her default was not willful and that at the time that Colonial

---

[1] Fed. R. Civ. P. 55(c).
[2] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[3] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).
[4] *See Lacy*, 227 F.3d at 292.

2

moved for default, she was unable to afford counsel and was unaware of how to respond pro se. She contends that she can show entitlement to the funds in the registry of the Court. Those funds will remain with the Court until claimed by a party in this action. It is therefore in the Court's interest to allow Ms. Daniel to seek disbursement. No opposition to the Motion was filed, and this Court can see no prejudice in granting it.

    Accordingly;

    **IT IS ORDERED** that the Motion is **GRANTED**, and default entered against Angelica Daniel is set aside.

    New Orleans, Louisiana this 27th day of April, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**